IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF § | | |
| OPERATING ENGINEERS, LOCAL 450, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:25-cv-5165 | |
| § | | |
| HKE Inc., § | | |
|    Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, International Union of Operating Engineers ("IUOE"), Local 450, and complains of Defendant HKE Inc. In support of its complaint, Plaintiff states the following:

### NATURE OF THE ACTION

1. IUOE Local 450 brings this action against Defendant to enforce a collective bargaining agreement ("CBA") between the parties. Defendant is engaged in an ongoing, material breach of that contract and has refused to participate in the grievance and arbitration process required under the CBA. This action is filed under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. § 185.

3. A substantial part of the events and omissions giving rise to the claim in this suit occurred in Harris County, Texas, and venue is thus proper in this Court pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185.

1

## PARTIES

4. Plaintiff IUOE Local 450 is a "labor organization" as defined in 29 U.S.C. § 152(5), which represents and seeks to represent NCCCO certified crane operators, heavy equipment operators, certified riggers, and mechanics in 101 counties in the Gulf Coast and South, East, and Central Texas.

5. Defendant HKE Inc. is a Washington corporation doing business in Texas without being legally registered to do business in Texas. Defendant is an "employer" as defined in 29 U.S.C. § 152(2). Defendant may be served with process by serving its registered agent, Todd Hassing, at 2498 SW Mullenix Road, Port Orchard, WA 98367-8596, or wherever he may be found.

## FACTS

6. On December 6, 2024, Defendant signed a CBA with Local 450, which is effective from December 6, 2024 until March 31, 2026, and continues in effect from year to year thereafter, unless changed or terminated as provided for under the Agreement.

7. The CBA requires Local 450 to furnish operators, riggers, and mechanics to Defendant, and it requires Defendant to pay those employees specified wages and benefits, including contributing to a health fund, a pension fund, and a joint labor–management apprenticeship and training fund. The CBA also requires Defendant to deduct Union dues and Political Action Committee ("PAC") Fund contributions from the employees' pay and remit them to Local 450.

8. Local 450 complied with the CBA by dispatching qualified employees to Defendant. Defendant has employed those workers but has failed to make the required benefit

contributions. Although Defendant has deducted Union dues and PAC fund contributions from the workers' pay, it has failed to remit those amounts to Local 450.

9. Local 450 filed a grievance under the CBA to address these violations. Defendant's President stated that he would respond by September 12, 2025, but he has not responded. As a result, Local 450 moved the grievance forward to arbitration, but Defendant has refused to participate in the arbitration process.

10. Defendant continues to refuse to make the required benefit contributions, to remit Union dues and PAC fund contributions, and to participate in the grievance and arbitration process.

## CAUSE OF ACTION

11. Defendant's failure and refusal to adhere to its obligations under CBA constitutes a violation of its contractual obligations, which is made actionable by 29 U.S.C. § 185.

## INJURY

12. As a result of Defendant's refusal to comply with the CBA, Local 450 and its members have been harmed. Specifically, Local 450 has been deprived of the benefit of a contract it negotiated on behalf of its members and the benefits required to be paid to several benefit funds on Local 450's members' behalf. Local 450's members have been harmed by being deprived of wages and benefits required by the CBA.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

A. A declaration that Defendant's continued failure to adhere to the terms of the CBA constitutes a violation of Defendant's contractual obligations, which are enforceable under 29 U.S.C. § 185.

B. Order Defendant to adhere to all its contractual obligations arising under the CBA and to provide its employees with wages, hours, working conditions, and benefits as specified in the CBA.

C. Order Defendant to submit to an audit by an accountant of Local 450's choosing to determine the amounts of any unpaid compensation, unpaid fringe benefit contributions, and unremitted Union dues and PAC Fund contributions accrued from December 6, 2024, to the date of Defendant's full compliance with the CBA.

D. Order Defendant to pay all pay, benefits, Union dues, and PAC Fund contributions identified by the audit as owing because of Defendant's failure and refusal to adhere to the CBA between December 6, 2024 and the date of the final judgment.

E. Order Defendant to pay any attorney fees and costs incurred by Local 450 in bringing this action to enforce the CBA.

F. Order all additional legal or equitable relief that the Court deems just and proper.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

    /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff