IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF § <br> OPERATING ENGINEERS, LOCAL 450, § <br>     Plaintiff, § <br> §<br> v. §<br> §<br> HKE Inc., §<br>     Defendant. § | <br><br><br><br>CIVIL ACTION NO. 4:25-cv-5165 |

PLAINTIFF'S EXHIBIT 3

## DECLARATION OF MATT BACHOP

1. I, Matt Bachop, am over 21 years of age and am competent to make this declaration. I hereby declare, under penalty of perjury, that the following facts are of my own personal knowledge and are true and correct.

2. I am counsel of record for the Plaintiff in the above-styled and numbered cause.

3. This is an action arising out Defendant's failure to abide by a Collective Bargaining Agreement, which requires it to pay employer benefit contributions, Union dues, and Political Action Committee Fund contributions.

4. I performed all the legal services rendered on behalf of the Plaintiff in this case. All such services were reasonable and necessary to prosecute Plaintiff's cause of action against Defendant. I am licensed to practice law in all Texas state courts by the Texas Supreme Court, and I have engaged in labor and employment litigation practice throughout the State of Texas. Because of this experience, I have become familiar with the customary and usual charges for attorney fees in cases similar to the one currently before the Court. I am admitted to practice in the United States District Courts for the Southern, Eastern, and Western Districts of Texas, the United States Court of Appeals for the Fifth Circuit, and the Supreme Court of the United States of America.

5. Based on my experience described above and based upon the factors for determining attorney fees as established by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Nisby v. Commissions Court of Jefferson County*, 798 F.2d 134 (5th Cir. 1986), I offer the following testimony regarding the twelve factors discussed therein.

### The Time and Labor Required

6. I have been practicing law for 20 years, with 16 years' experience in labor and employment litigation, with a billing rate of $500 per hour, which is below the usual and customary rates for this type of legal work.

### The Novelty and Difficulty of the Questions

7. The issues in this case are specialized, but not particularly novel or difficult.

### The Skill Requisite to Perform the Legal Services Properly

8. Considering the nature of the facts in controversy and the amount in dispute, the proper representation of Plaintiff required an attorney with above average skills. I have extensive experience and knowledge in the area of labor and employment law and the factual issues relating to such cases because a significant part of my practice involves this area of law. This type of case involves a specialized area of law, and specialized skills and knowledge are necessary in order to render qualified professional legal services.

### The Preclusion of Other Employment by the Attorney due to Acceptance of the Case

9. Other than the amount of time required to be spent on the case, acceptance of the case did not foreclose the attorney from otherwise available business, nor did any conflicts of interest arise, which this case affected.

### The Customary Fee

10. The fees and expenses charged for the attorneys and legal assistants in this case were customary, considering the nature of the case and the amount in controversy, in this county and the surrounding counties in the State of Texas, at or about the times and occasions in question.

### Whether the Fee is Fixed or Contingent

11. The fee in this case was based on time spent and expenses incurred, at the customary hourly rate and expense charges of the attorney involved.

### Time Limitations Imposed by the Clients or Circumstances

12. Other than the time necessary for the case, there were no extraordinary time limitations or emergency circumstances.

### The Amount Involved and the Results Obtained

13. The amount in controversy was substantial, and the results obtained for the client are favorable, if judgment is granted, with recovery of the principal amount due, prejudgment interest, reasonable attorney fees, and court costs.

### The Experience, Reputation and Ability of the Attorneys

14. I have been practicing law for 20 years, with 16 years' experience in labor and employment litigation. My reputation and ability are above average.

### The Undesirability of the Case

15. There were no undesirable aspects of the case.

### The Nature and Length of the
### Professional Relationship With the Clients

16. I have enjoyed an attorney-client relationship with Plaintiff for 14 years.

### Awards in Similar Cases

17. Awards in similar cases should be comparable to the fee requested by counsel in this case.

### Opinion of Reasonable Fees

18. Reasonable attorney fees, including the firm's expenses, for Plaintiff through the preparation of Plaintiff's Motion for Default Judgment are $1,950.00, plus costs of court in the sum of $500.00, which includes filing fees of $405 and civil process service fees of $95. I filed the Complaint, Request for Entry of Default, and prepared this Motion for Default Judgment, together with supporting affidavits and declarations. Reasonable fees for post-judgment collection efforts are expected to be $5,000.00. If an appeal occurs, reasonable fees for Plaintiff are $15,000.00 through the conclusion of the matter in the Fifth Circuit Court of Appeals, including preparation of briefs, preparation for oral argument, and for making the oral argument; $12,500.00 additionally in the event of an Application for Writ of Certiorari; and $25,000.00 additionally in the event of oral argument in the United States Supreme Court.

19. I, Matt Bachop, do hereby declare, under penalty of perjury, that the foregoing facts are within my personal knowledge and are true and correct. I submit this declaration on issues raised by the Plaintiff's Motion for Default Judgment and do not address all the issues in this case.

*Matt Bachop*
MATT BACHOP